**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| FALCON CONTROL SYSTEMS, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| FALCON ENERGY SERVICES | § | |
| GROUP INC., | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## ORIGINAL COMPLAINT

This is an action for federal and common law trademark infringement, federal unfair competition and false designation of origin, common law unfair competition, and unjust enrichment. Plaintiff seeks a permanent injunction, damages, and attorneys' fees and costs, and such other relief as the Court deems just and proper.

## INTRODUCTION

1.     Plaintiff Falcon Control Systems, L.L.C. ("Falcon" or "Plaintiff") and Defendant Falcon Energy Services Group Inc. ("Falcon Energy" or "Defendant") are both Houston area businesses competing in the Oil and Gas Services industry. Plaintiff Falcon began its business activities in 2012 under the trade name "Falcon Control Systems," known also in the industry as "Falcon Controls" or simply "Falcon," and using its distinctive left-facing falcon bird logo design, as described below. Falcon has continuously used these marks to identify, advertise, and promote its business.

2.     Defendant Falcon Energy registered with the Texas Secretary of State in July of 2018, six years after Falcon began doing business. Falcon Energy is managed by a group of individuals that were employees of, managers of, or associated with a prior business that directly

1

competed with Falcon for years, and for the same customers and business.  Yet this new competing business decided to adopt a name with the distinctive word "Falcon" as the first and dominant part of its trade name, and to also use a distinctive left-facing falcon bird logo design.

3.      Plaintiff learned of the Defendant's use through Plaintiff's customers who expressed questions about the significance of Defendant's name.  Thereafter, Plaintiff gave Defendant writing notification of its infringement of Plaintiff's trademarks.  Defendant responded by claiming that it had never heard of Plaintiff's company, and that it would not cease using the marks.  But over time it became obvious that customers were confusing the newly formed Falcon Energy company with the existing Falcon company, and that Defendant was intentionally trying to profit from this confusion.

4.      Plaintiff Falcon therefore brings this action at law and in equity under federal and Texas laws for trademark infringement, false designation of origin, unfair competition, and unjust enrichment concerning Defendant's use of nearly identical marks to Plaintiff's common law and federally registered trademarks, in association with similar and competing services. Plaintiff seeks a permanent injunction, damages, and attorneys' fees and costs, and such other relief as the Court deems just and proper.

**PARTIES**

5.      Plaintiff Falcon Control Systems, L.L.C. is a Texas limited liability company, having a principal place of business located at 3901 Airline Drive, Building D, Houston, Texas 77022.

6.       Defendant Falcon Energy Services Group Inc. is a  Texas corporation, having a principal place of business located at 1804 Rotary Dr. Humble, Texas 77338.  Defendant may be served with process by serving its registered agent Tommy Lee  Lynn Jr., located at 12 Pleasant

2

Shadows Dr. Spring, TX 77389.

## JURISDICTION AND VENUE

7.      This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*  It also arises under principles of state common and statutory law.  Federal  question jurisdiction is conferred pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331 and 1338.

8.      This Court has supplemental jurisdiction over the claims brought under state statutory and common law pursuant to 28 U.S.C. §§ 1338 and 1367.

9.      The Court has personal jurisdiction over Defendant because, on information and belief, Defendant is a Texas corporation which maintains a place of business in the State of  Texas within this judicial district, and it has conducted or does conduct business within this  judicial district, directly, and/or as it has engaged in advertising and promotion in a manner  sufficient for Plaintiff to bring the complaint in this forum.

10.      Venue is proper in this district under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**A.  Plaintiff's Business and Trademarks**

11.      Since 2012, Plaintiff has provided turnkey solutions to industries, especially the Oil & Gas, Energy, Utilities, Pipeline, Transportation, Drilling, and Manufacturing industries. These solutions include products and services such as control and electrical buildings, remote instrument enclosures (RIE's), remote terminal unit (RTU) buildings, power control rooms, motor control center (MCC) buildings, marshalling walls and panels, analyzer shelters, switchgear buildings, panels, and racks, as well as automation, instrumentation, and automation and electrical equipment services, including electrical engineering ("Plaintiff's Products and

Services").

12.      Since its inception and to the present day, Falcon has continuously provided Plaintiff's Products and Services in the State of Texas and interstate commerce under the marks and monikers shown below:

| IDENTIFICATION | PLAINTIFF'S MARK |
|---|---|
| **Federally Registered "FALCON LOGO"**<br><br>**U.S. TM Reg. No. 5659106** |  |
| **Federally Registered "FALCON WORD MARK"**<br><br>**U.S. TM Reg. No. 6220718** | FALCON CONTROL SYSTEMS |
| **Unregistered "FALCON NAME LAYOUT"** |  |
| **Unregistered "FALCON NAME & LOGO MARK"** |  |

13.      Plaintiff is the owner of U.S. Trademark Registration No. 5,659,106 for the

4

FALCON LOGO, which was registered on the Principal Register in the United States Patent and Trademark Office on January 22, 2019, in association with "Custom fabrication of modular and industrial buildings and enclosures for housing and protecting electrical power generation, distribution, testing and control equipment," in International Class 40.  A true and correct copy of the registration certificate is attached as **Exhibit 1**.  U.S. Trademark Registration No. 5,659,106 is valid, subsisting, and incontestable.

14.     U.S. Trademark Registration No. 5,659,106 constitutes *prima facie* evidence of validity of the FALCON LOGO and conclusive evidence of Plaintiff's exclusive right to use  this mark in connection with the services identified therein.

15.     Plaintiff is also the owner of U.S. Trademark Registration No. 6,220,718 for the word mark "FALCON CONTROL SYSTEMS" referred to herein as the "FALCON WORD MARK" which was registered on the Principal Register in the United States Patent and  Trademark Office on December 15, 2020, in association "Custom manufacture of transportable buildings; Custom fabrication of modular and industrial buildings and enclosures for housing and protecting electrical power generation, distribution, testing and control equipment' in International Class 40. A true and correct copy of the registration certificate is attached as **Exhibit 2**.  U.S. Trademark Registration No. 6,220,718 is valid, subsisting, and incontestable.

16.     U.S. Trademark Registration No. 6,220,718 constitutes *prima facie* evidence of validity of the FALCON WORD MARK and conclusive evidence of Plaintiff's exclusive right to use  this mark in connection with the services identified therein.

17.     Plaintiff has, since its inception, continuously used each of the FALCON NAME LAYOUT and the FALCON LOGO & NAME MARK in both Texas and interstate commerce and as such has common-law rights in these marks.

18.     Together, the FALCON WORD MARK and FALCON LOGO and the  FALCON NAME LAYOUT and the FALCON LOGO & NAME MARK are referenced herein as the "FALCON CONTROL MARKS."

19.      Plaintiff has expended considerable effort and resources in offering Plaintiff's Products and Services under the FALCON CONTROL MARKS.  Through continuous and exclusive use and promotion of the  FALCON CONTROL MARKS since 2012, Plaintiff has expanded its business across the State of Texas and  elsewhere in interstate commerce, including the greater Houston and Harris County area, and has  developed valuable goodwill and common law rights in the FALCON CONTROL MARKS in connection with  Plaintiff's Products and Services.

20.     Examples of depictions and uses of the FALCON CONTROL MARKS are shown in attached **Exhibit 3**, including web pages from Plaintiff's website, last accessed on April 2, 2024, at http://www.falconcontrols.com/.  An example of a screen capture from the Falcon website is shown below:



21.     The FALCON CONTROL MARKS are inherently distinctive, as they neither serve as a name for  the products or services themselves nor describe any quality, characteristic, or ingredient of the Plaintiff's products or services.

22.     The FALCON CONTROL MARKS have been continuously used by Plaintiff in the State of Texas and elsewhere in interstate commerce since as early as April 2012 and have never been  abandoned.  Since long prior to Defendant doing business, Falcon has used the FALCON CONTROL MARKS in conjunction with its products and services.

23.     As a result of its widespread and continuous use of the FALCON CONTROL MARKS, Plaintiff has built and owns valuable goodwill that is symbolized by the FALCON CONTROL MARKS.  Relevant consumers and the trade have come to associate the FALCON CONTROL MARKS exclusively with the Plaintiff, Falcon.

24.     Plaintiff continues to invest substantial time, money, and other resources in developing, advertising, and otherwise promoting Plaintiff's Products and Services offered under the FALCON CONTROL MARKS.  By using the FALCON CONTROL MARKS for twelve years in the relevant industries, the FALCON CONTROL MARKS have acquired distinctiveness and achieved a secondary meaning.  Customers and potential customers have come to rely on the Plaintiff's FALCON CONTROL MARKS as a symbol of consistency, quality, and reliability.

25.     Accordingly, Plaintiff is the owner of broad common law and federal trademark rights in the FALCON CONTROL MARKS.

**B.  Defendant's Business and Infringing Actions**

26.     On July 17, 2018, Defendant Falcon Energy Group Inc. registered with the Texas Secretary of State as a Texas corporation located in Harris  County, Texas, long after Plaintiff adopted and used the FALCON CONTROL MARKS.  TL "Rick" Lynn is the President and CEO, and Tommy Lynn is the Vice President and COO of Defendant Falcon Energy.

27.     Plaintiff and Defendant both perform automation, instrumentation, and electrical services. Both have automation and electrical engineering capabilities along with a fabrication shop for panels, racks and various MCC buildings.  As such, the Defendant is selling or offering to sell the same goods as in the registration "Custom manufacture of transportable buildings; Custom fabrication of modular and industrial buildings and enclosures for housing and protecting electrical power generation, distribution, testing and control equipment."

28.     Defendant Falcon Energy advertises and promotes its business in various ways, including through its internet website at https://falconesg.com/.  A copy of the beginning of the landing page for Defendant's website, last accessed on March 2, 2024, is attached as **Exhibit 4**. As shown in **Exhibit 4**, Defendant has adopted a strikingly and confusingly similar name and logo design as the FALCON CONTROL MARKS, but years after Plaintiff Falcon had already

8

used its marks in the trade, and had well established its name and reputation under the FALCON CONTROL MARKS. Defendant's use of the word "Falcon" as the first and dominant word in its name, and its use of the falcon for its logo are collectively referenced as the "Infringing Marks." A depiction of the logo design and name adopted by Defendant is shown below:

| IDENTIFICATION | INFRINGING MARK |
|---|---|
| Defendant's Bird Logo |  |
| Defendant's Name | FALCON ENERGY SERVICES GROUP |
| Defendant's Name Layout |  |
| Defendant's Name and Logo |  |

29.     Upon information and belief, Defendant's President and Vice President were formerly officers at a company named W-Industries for numerous years. W-Industries was a direct competitor of Plaintiff in the instrumentation, electrical and automation solution market. During the time Defendant's President and Vice-President worked at W-Industries, Plaintiff and

W-Industries consistently competed for projects and both companies were aware of the other's work in the industry. Therefore, at a minimum, Defendant's President and Vice President were aware of Plaintiff and, at a minimum, Plaintiff's FALCON CONTROL MARKS, prior to leaving W-Industries and forming the Defendant's present company, Falcon Energy. This knowledge establishes that Defendant was actually aware of Plaintiff's rights in the FALCON CONTROL MARKS at the time Defendant adopted the Defendant's Infringing Marks.

### C.  Actual and Potential Confusion

30.    Both Plaintiff and Defendant are competing in the same industry to supply similar products and services for the same customers, including one highly significant overlapping and long-time customer of Plaintiff.  Both parties advertise on the internet and by direct email.  The Defendant has held itself out as "Falcon" which is also a name that Plaintiff Falcon is known by in the industry.

31.    Defendant's use of the word "Falcon" as the first word in its name creates the potential for confusion, and has actually created confusion, among customers.  The word "Falcon" is the dominant part of the FALCON WORD MARK, and the logo of the Infringing Marks prominently displays both a symbol of a falcon and the word "Falcon" with other words being small and significantly less prominent.  As such, a reasonable person could confuse the Defendant's products and services for the Plaintiff's Products and Services, and/or believe that the Defendant's company was a division or affiliate of Plaintiff's company, or visa versa.

32.    The clear similarities between Plaintiff's marks and the Defendant's marks are set forth in the table below:



| Plaintiff's Marks | Defendant's Infringing Marks |
|---|---|
| | |
| FALCON CONTROL SYSTEMS | FALCON ENERGY SERVICES GROUP |
| | |
| | |

33.    This confusion has actually occurred in the market.  In 2020, Plaintiff received an inquiry from a customer asking whether it was affiliated with Defendant's business, which was operating in the Houston area and soliciting Plaintiff's customers in the oil and gas industry. Upon further investigation, Plaintiff discovered Defendant was using the name "Falcon" and adopted the image of a left-facing falcon bird for its logo.  Defendant's *Facebook* social media advertising  page  located  at  <https://www.facebook.com/pg/Falcon-Energy-Services-Group-

2332488860355720/about> disclosed Defendant's use of the Infringing Marks, including the Defendant's Falcon Energy Group Logo Design, depicted above.  A true and correct copy of the Defendant's Facebook "About" page, accessed and printed on August 24, 2020, is attached as **Exhibit 5**.  According to the Defendant's Facebook account, Defendant is a "Automation, Instrumentation and Electrical service company providing experienced personnel to the Oil and Gas Industry." *Id.*

34.     Most recently, on December 12, 2023, one of Plaintiff's most significant customers confused Defendant Falcon Energy with Plaintiff Falcon on a project.  The customer sent communications to Plaintiff Falcon regarding a product offered by Plaintiff, and believing Plaintiff was supplying that product to the customer, when in fact the customer was confused and mistaken.  It was in fact Defendant's product.

### D.  Defendant's Intent

35.     The Defendant's leadership team is almost exclusively former W-Industries managers or employees who were competing directly with Falcon for the same significant customer's business from 2012 to 2020.  Defendant Falcon Energy knew that Plaintiff Falcon had invested enormous resources into developing a product line of high-quality equipment, and in obtaining the certifications required by various customers that were necessary to qualify for bidding on those customers' projects.  The choice of using the word "Falcon" as the dominant part of its name, and using the emblem of a falcon bird as its logo, was not to describe a characteristic of Falcon Energy's products or services that require reference to the bird known as a falcon.  That choice was made to gain introductions and the trust of potential customers that might confuse Defendant's company with Plaintiff's company.  This choice was not accidental and demonstrates Defendant's bad faith and intent to profit from Plaintiff's reputation and goodwill.

36.     After continuing to advertise and represent itself as "Falcon," on or about May 15, 2020, Defendant's vice president contacted Falcon's primary customer, holding himself out as being associated with simply "Falcon," and seeking business with that customer in direct competition with Plaintiff.  The customer, being naturally confused, contacted Falcon to learn if the Plaintiff had sold itself to Defendant Falcon Energy, or was otherwise affiliated with Falcon Energy.  This fact alone is evidence of actual confusion in the market, which is likely to harm Plaintiff.

37.     On June 1, 2020, Plaintiff wrote to Defendant Falcon Energy, notifying Defendant that it was infringing Plaintiff's FALCON CONTROL MARKS, and demanding that Defendant cease using the FALCON CONTROL MARKS.  Defendant did not respond to Plaintiff's notification and demand.

38.     On June 23, 2020, Plaintiff again gave Defendant Falcon Energy written notice that it was infringing Plaintiff's FALCON CONTROL MARKS, and demanding that Defendant cease the infringing activities.

39.     Finally, on June 30, 2020, Defendant's President and CEO responded to Plaintiff's notification, stating that Defendant refused to cease the infringing activities.  Although he and others on Defendant's management staff previously worked for a company that directly competed with Plaintiff for many years, the Defendant's President, Mr. Lynn, went on to claim that "none of our management staff including myself have even heard of [Falcon Control Systems]" and that "[Falcon Energy's] management team was not aware of your client's company until today when we received your letter.  And we dispute that we have willfully or otherwise infringed upon your client's rights."

40.     Shortly after receiving this letter of refusal from Defendant, businesses throughout the United States began experiencing the effects of the rapid spread of the COVID-

19 virus.  Workers across the country began working from home when they were able to do so, instead of driving to work, schoolchildren began attending classes through telephonic conference, and businessmen began attending meetings telephonically instead of in person.  The demand for oil and gas products plummeted and the demand for the products and services offered by both Plaintiff and Defendant in the oil and gas industry decreased dramatically.

41.     During this almost three-year time period of decreased demand and diminished business activity, Plaintiff did not receive written evidence of additional instances of actual confusion of the FALCON CONTROL MARKS with the Infringing Marks by customers, until Plaintiff was recently contacted in December of 2023 by one of Plaintiff's primary customers, who explained the confusion it experienced by Defendant's Infringing marks.

### E.  The Results of Defendant's Unlawful Actions

42.     Defendant adopted and continues to use the confusingly similar Infringing  Marks with bad faith and intent to profit from Plaintiff's FALCON CONTROL MARKS. Specifically, Defendant has  intentionally attempted to attract and divert, for commercial gain, customers away from Plaintiff by creating a likelihood of confusion with the Plaintiff's FALCON CONTROL MARKS as to the source, sponsorship, affiliation, or endorsement of Defendant's services.  These actions were done by Defendant with knowledge that injury to Plaintiff was substantially certain to occur.

43.     Plaintiff has no control over the nature and quality of the products or services offered by  Defendant in association with the Infringing Marks.

44.     Defendant's products and services offered in association with the Infringing Marks are offered to  the same class of consumers and/or otherwise travel in the same channels of trade with Plaintiff's own products and services offered under the FALCON CONTROL MARKS.

45.     Since its unauthorized adoption of the Infringing Marks, and even after the receipt of the written notification of Plaintiff's priority of rights in the FALCON CONTROL MARKS, Defendant has continued to use the Infringing Marks in Texas and elsewhere in interstate commerce and to promote the Infringing Marks through various advertising and social media accounts. A representative copy of these promotional materials is attached as **Exhibit 6.**

46.     Defendant's unauthorized use of the Infringing Marks has caused, and is likely  to continue to cause, confusion, mistake or deception as to the source or origin of Defendant's products and services, and is likely to cause consumers to draw the false impression that Defendant's products and services  are associated with, authorized by, endorsed or sponsored by Plaintiff, or that Defendant is a sponsor of, a parent company of, a subsidiary of, a sister company of, an affiliate of, or otherwise associated with Plaintiff.

47.     Defendant's unauthorized use of the Infringing Marks also allows Defendant to use and benefit from the goodwill and reputation earned by Plaintiff and to obtain a ready customer acceptance of Defendant's products and services, thereby constituting unfair competition, palming off, and/or misappropriation to the material detriment of Plaintiff.

48.     Defendant's unauthorized use of the Infringing Marks is also likely to dilute Plaintiff's trademark rights in its distinctive FALCON CONTROL MARKS, injure Plaintiff's established business reputation, and unjustly enrich Defendant to the material detriment of Plaintiff.

49.     Plaintiff has previously notified Defendant of Plaintiff's priority of rights in the FALCON CONTROL MARKS and demanded that Defendant cease its infringing activities complained of herein.  Notwithstanding such prior written notifications, Defendant has expressly refused to cease such infringing use.  The present litigation is therefore required.

50.     As a consequence of Defendant's unlawful actions complained of herein, Plaintiff

has been irreparably harmed and damaged to an extent not yet determined and will continue to be  irreparably harmed and damaged by such acts in the future unless this Court enjoins Defendant from committing further unlawful actions. The injuries and damage sustained by Plaintiff have been directly and proximately caused by the Defendant's wrongful actions.

51.     Plaintiff has no other adequate remedy at law.

**COUNT I**
**(Infringement of Federally Registered Trademark 15 U.S.C. § 1114)**

52.     Plaintiff repeats and realleges, as if fully set forth here, each and every allegation contained in the paragraphs above.

53.     Defendant's unauthorized use of the Infringing Marks in the manner described above has caused, and is likely to continue to cause, confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendant with Plaintiff.

54.     The Defendant's unauthorized use of the Infringing Marks as described above constitutes infringement of each of Plaintiff's federally registered trademarks in violation of Sections 32  and 34 of the Lanham Act, 15 U.S.C. § 1114.

55.     The Defendant's actions as described above were undertaken with full knowledge of Plaintiff's rights, thus constituting willful infringement.

56.     The Defendant used the Infringing Marks with full knowledge of Plaintiff's rights, and in bad faith with willful and deliberate intent to trade on Plaintiff's substantial recognition, reputation, and goodwill. In view of the willful nature of the Defendant's infringement, this is an "exceptional case" within the meaning of 15 U.S.C. § 1117(a), entitling Plaintiff to recover the costs of suit and reasonable attorneys' fees, among other monetary remedies.

57.     The acts of the Defendant described above have caused and, without judicial intervention, will continue to cause Plaintiff immediate irreparable harm for which there is no adequate remedy at law.

## COUNT II
### (Federal Unfair Competition & False Designation of Origin 15 U.S.C. § 1125(a))

58.     Plaintiff repeats and realleges, as if fully set forth here, each and every allegation contained in the paragraphs above.

59.     The Defendant's unauthorized use of the Infringing Marks constitutes use in commerce of a false or misleading designation of origin which is likely to deceive, to cause mistake or to cause confusion by leading consumers to believe that the Defendant has an affiliation with Plaintiff, or are sponsored or approved of by Plaintiff, or are otherwise associated with or have obtained permission from Plaintiff.

60.     Defendant's unauthorized use of the Infringing Marks in association with its services in interstate commerce constitutes the use of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, in violation of 15 U.S.C. § 1125(a), as Defendant's acts have  allowed them to obtain an unfair advantage as compared to Plaintiff.

61.     Since the acts of infringement complained of above have been and continue to be intentional, willful, and in bad faith, this litigation constitutes an "exceptional case" under 15 U.S.C. § 1117(a) which permits Plaintiff to recover costs of suit and reasonable attorneys' fees, among other monetary remedies.

62.     The acts of the Defendant described above have caused and, without judicial intervention, will continue to cause Plaintiff immediate irreparable harm for which there is no

adequate remedy at law.

### COUNT III
### (Texas Common Law Infringement of Trademark)

63.     Plaintiff repeats and realleges, as if fully set forth here, each and every allegation contained in the paragraphs above.

64.     Plaintiff owns all rights, title, and interest in and to the FALCON CONTROL MARKS, including  all common law rights under the laws of the State of Texas.

65.     Plaintiff's FALCON CONTROL MARKS are inherently distinctive and have accumulated significant goodwill over the past twelve or more years.  With respect to the two distinctive and unregistered FALCON CONTROL MARKS, Plaintiff has used them in the State of Texas and elsewhere in  interstate commerce long before Defendant's adoption and infringing use of the Infringing Marks.

66.     Defendant's actions, as described above, constitute trademark infringement in violation of the common law of the State of Texas, for which Plaintiff is entitled to recover all remedies provided by such common law.

67.     Defendant is realizing profit and will continue to realize a profit  from its unlawful actions.  Defendant's unlawful actions are causing and will continue to cause  Plaintiff monetary damage in amounts to be determined at trial.

68.     Unless enjoined, Defendant will continue its unfair activities, resulting in irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.  Plaintiff is entitled to injunctive relief.

### COUNT IV
### (Texas Common Law Unfair Competition)

69.     Plaintiff repeats and realleges, as if fully set forth here, each and every allegation contained in the paragraphs above.

18

70.     Plaintiff owns all rights, title, and interest in and to the FALCON CONTROL MARKS, including all common law rights.

71.     Plaintiff's FALCON CONTROL MARKS are inherently distinctive and have accumulated significant goodwill over the past eight years. The FALCON CONTROL MARKS symbolize the valuable business reputation of Plaintiff for its services.

72.     With respect to the two distinctive and unregistered FALCON CONTROL MARKS, Plaintiff has used them in the State of Texas and elsewhere in interstate commerce long before Defendant's adoption and infringing use of the Infringing Marks.

73.     Defendant's actions, as described above, allow Defendant to use and benefit from the goodwill and reputation earned by Plaintiff and to obtain a ready customer acceptance of Defendant's products and services, and therefore constitutes unfair competition, palming off, and/or misappropriation in violation of Texas common law, for which Plaintiff is entitled to recover all remedies provided by such common law.

74.     Defendant is realizing profit and will continue to realize a profit from its unlawful actions. Defendant's unlawful actions are causing and will continue to cause Plaintiff monetary damage in amounts to be determined at trial.

75.     Unless enjoined, Defendant will continue its unfair activities, resulting in irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief.

## COUNT V
### (Common Law Unjust Enrichment)

76.     Plaintiff repeats and realleges, as if fully set forth here, each and every allegation contained in the paragraphs above.

77.     By using the Infringing Marks and infringing the FALCON CONTROL MARKS,

Defendant Falcon Energy received a measurable benefit in the marketplace.  Defendant was able to advertise and promote its business by confusing customers and potential customers, and causing them to believe that they were dealing with Plaintiff Falcon.  Defendant consciously accepted the benefits of this confusion by taking advantage of the goodwill and good reputation of Falcon, and diverting customers from Plaintiff to Defendant.

78.     The benefits that Defendant accepted was not conferred by Plaintiff officiously or gratuitously.  Rather, Defendant has infringed the FALCON CONTROL MARKS without Falcon's approval and over its objection.

79.     Under the circumstances, it would be inequitable to permit Defendant to continue using the Infringing Marks to the detriment of Plaintiff, and to possess the profits that Defendant has made through its use of the Infringing Marks.

## JURY DEMAND

80.     Plaintiff requests a trial by jury for all issues triable by jury, including Defendant's affirmative defenses and counterclaims, if any.

## PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully asks for judgment against Defendant for the  following:

A. Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be permanently  enjoined from the following:

  1.     Using the FALCON CONTROL MARKS, the Infringing Marks, or any other mark  confusingly similar to the FALCON CONTROL MARKS, in connection with the  promotion, advertising, or offering of Defendant's products or services;

  2.     Using the FALCON CONTROL MARKS, the Infringing Marks, or any other mark  confusingly similar to the Falcon Marks, in connection with any Internet domain name, electronic mail address, or in connection with the  promotion, advertising, or offering of Defendant's products or services via social  media or

any other Internet-based communication platform, or through direct mail or through any other means of communication or advertising;

3.    Competing unfairly with Plaintiff in any manner, including unlawfully  adopting or infringing on Plaintiff's FALCON CONTROL MARKS or adopting or using any other marks or designations that are confusingly similar to Plaintiff's FALCON CONTROL MARKS; and

4.    Conspiring with, aiding, assisting, or abetting any other person or entity   in engaging in any of the activities stated in subparagraphs (1), (2),  and (3) above;

B.   Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference the FALCON CONTROL MARKS, the Infringing Marks, or any other mark confusingly similar to the FALCON CONTROL MARKS, and all materials or articles used for making or reproducing the  same, as provided by 15 U.S.C. § 1118;

C.   Defendant transfer, at its own costs, the registration of any Internet domain name containing  the  FALCON CONTROL MARKS,  the Infringing Marks,  or  any  other mark  confusingly  similar to the FALCON CONTROL MARKS, to Plaintiff;

D.   Defendant file with the Court and serve on Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath stating in detail the manner and form in which Defendant has complied with the provisions of subparagraphs (A), (B) and (C) above;

E.   Plaintiff recover all damages it has sustained as a result of Defendant's infringement, unfair competition, unjust enrichment, or as a result of any other unlawful association of Defendant's products or services with those of Plaintiff;

F.   Plaintiff be awarded treble damages under 15 U.S.C. § 1117(b);

G.   An accounting be directed to determine Defendant's profits resulting from its infringement,  unfair competition, and unjust enrichment and that the profits be paid over to Plaintiff,  increased as the Court determines is appropriate to the circumstances of this case;

H.   Plaintiff be awarded punitive and exemplary damages against Defendant, according to proof;

I.   The Court declare this case an "exceptional case" and award Plaintiff its reasonable and necessary attorneys' fees for prosecuting this suit under 15 U.S.C. § 1117(a);

J.   Plaintiff recover its costs of this suit and pre-judgment and post-judgment interest; and

K.  Plaintiff have all other relief the Court deems appropriate.


Respectfully Submitted April 19, 2024,

By: __/s/ Matthew John Prebeg_____
Matthew John Prebeg
Texas Bar No. 00791465
mprebeg@bpfalawfirm.com
Stephen W. Abbott
Texas Bar No. 00795933
sabbott@bpfalawfirm.com

**BAYKO, PREBEG, FAUCETT & ABBOTT, PLLC**
8441 Gulf Freeway, Suite 307
Houston, Texas 77002
Tel: (832) 742-9260
Fax: (832) 742-9261

**Attorneys For Plaintiff**
**Falcon Control Systems, L.L.C.**